IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY R. DeGIACOMA | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-1263 |
| STATE OF MARYLAND and CORIZON, INC. | * | |
| | * | |
| Defendants | | |

\*\*\*

**MEMORANDUM**

On May 1, 2012, this court issued an order to show cause why plaintiff's request for injunctive relief should not be granted. ECF No. 2. In addition, plaintiff was granted 28 days to supplement the complaint. Upon receipt of defendants' response, the court construed the response as a motion for summary judgment and advised plaintiff of his right to respond. ECF Nos. 3 and 5. Plaintiff has not filed anything further in this case.

**Background**

Plaintiff, an inmate confined to Eastern Correctional Institution (ECI), alleged on April 15, 2012, he showed a Registered Nurse a "serious infection" that was spreading from his thumb to his hand. He states that between April 17, 2012 and April 21, 2012, he repeatedly complained about the numbness he felt in his hand and showed medical staff his hand which was turning a pale green color. He claims the nurses brushed off the issue and said there was nothing they could do. ECF No. 1 at p. 1.

Plaintiff states the infection in his hand and arm caused severe pain as well as numbness in all five fingers of his right hand. On April 22, 2012, plaintiff showed a nurse the infection on his thumb with swelling to his hand and told the nurse he was experiencing chest pains. He was

given antacid tablets, although his heart rate was above normal.  He claims the nurse looked at his hand and said it was very infected, but did nothing more.  In addition he claims on various occasions he was told there was nothing that could be done and to "stop being a cry baby." *Id*. at p. 2.

In the response to show cause, defendant Corizon asserts that plaintiff reported an infection to his right thumb, known as "whitlow."[1]  On April 13 and 15, 2012, treatment for plaintiff's thumb was not provided because of time constraints with the institutional count and because of a fight.  On April 22, 2012, plaintiff complained of chest pain which was consistent with heartburn and he was given antacid tablets.  The infection to plaintiff's thumb was noted and he was scheduled to be seen at a later date.  On April 27, 2012, plaintiff was seen by Physician's Assistant Bruce Ford who prescribed the antibiotic Keflex as well as daily Epsom salt soaks.  Ford noted that the wound to plaintiff's thumb had spontaneously opened and was beginning to drain and improve.  ECF No. 3 at Ex. A, p. 2.

**Standard of Review**

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc*., 477 U. S. 242, 247-48 (1986) (emphasis in original).

---

[1] Whitlow is an infection at the tip of the finger just before the nail and located on the middle portion. ECF No. 3 at Ex. A, p. 2.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to . . . the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) *citing Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511

U.S. 825, 837 (1994). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care).

The undisputed evidence establishes that plaintiff is not suffering from a serious medical condition. To the extent there was a delay in providing care for plaintiff's infection, the delay did not exacerbate the infection nor is it evidence of a callous disregard for plaintiff's pain and suffering. The care prescribed, and now being provided to plaintiff, is constitutionally adequate. Defendant is therefore entitled to summary judgment.

A separate order follows.

DATED this 23rd day of July, 2012.

> BY THE COURT:
>
> _____/s/_____
> James K. Bredar
> United States District Judge